UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALFREDO LEWIS<br><br>                  Plaintiff,<br><br>-against-<br><br>JOHN/JANE DOE,<br><br>                  Defendant. | 23-CV-1934 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, asserting that his rights were violated when the judge issued an order of protection against him in his state court criminal proceedings. By order dated March 14, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the action.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action alleging that his rights were violated when he was arrested and in his state court criminal proceedings. He does not name any specific defendant or assert the relief he seeks.

Plaintiff makes the following assertions in the complaint. On November 29, 2022, the New York City Police Department ("NYPD") arrested Plaintiff at his residence in Harlem based on a complaint made by Trenton Vocgeli, his roommate of 19 months, that Plaintiff had threatened him.[1] Plaintiff was later released from custody with an order of protection that

---

[1] According to public records of the New York State Unified Court System, on November 29, 2022, the NYPD arrested Plaintiff on misdemeanor charges of aggravated

directed him to stay away from Vocgeli and the apartment they shared. Plaintiff's attorney requested a hearing to have the order of protection set aside so that Plaintiff could return to his home but avoid his roommate, "no speaking at all to each other." (ECF 2, at 1.)[2] On December 2, 2022, after a hearing, Judge Rcherchian, the judge presiding over the criminal case, issued a decision to keep the order of protection in place although Plaintiff's attorney explained that Plaintiff had resided at the apartment for a long time without any problems and that he had nowhere to go; Plaintiff had no family in New York and all of his valuables were in the apartment. Plaintiff asserts that,

> [t]he criminal Judge help my landlord evict me out of my residence so he could Airbnb my room to make extra money. I have not been able to live in my home due to the malicious act caused by my roomate for his false statement. Due to the Judge making a civil court tenant decision by promoting the order of protection which caused me to be homeless in New York City in the winter with the fact weather temperature was in its 20s/20 degrees to be clear my lawyer stated this on record criminal and civil should be separted.

(*Id*. at 2.) The Assistant District Attorneys ("ADAs") from the Manhattan District Attorney's Office "were part of the order protection which caused [Plaintiff] to be homeless, suffering pain and depression." (*Id*.) Plaintiff contends that although "[t]he defendants are protected with some type of immunity," they should be held accountable when they have abused their power "in a situation bearing malice to a person or person(s)." (*Id*.)

## DISCUSSION

Plaintiff brings this action under 42 U.S.C. § 1983, without naming the defendants he seeks to sue. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right

---

harassment that are pending in the New York Criminal Court. *See People v. Lewis*, No. CR-031204-22NY. Plaintiff's next court date is May 31, 2023.

[2] The Court quotes from the complaint verbatim. Unless otherwise indicated, all grammar, spelling, punctuation, and emphasis are as in the original.

3

secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Plaintiff's assertions suggest that he seeks to sue Judge Rcherchian and the ADAs from the Manhattan District Attorney's Office for the issuance of the order of protection, which he asserts "caused [him] to be homeless in New York City in the winter. . . ." (ECF 2, at 2.) Plaintiff also does not specify the relief he seeks, but the Court will presume that he is seeking monetary damages.

**A.     Judicial Immunity**

Plaintiff's claims against Judge Rcherchian must be dismissed. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff does not allege any facts showing that Judge Rcherchian acted beyond the scope of his judicial responsibilities or outside of his jurisdiction by issuing the order of protection against Plaintiff. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Judge Rcherchian for

4

"acts arising out of, or related to, individual cases before him," Judge Rcherchian is immune from suit for such claims. *Bliven*, 579 F.3d at 210. Plaintiff's claims against Judge Rcherchian are therefore dismissed under the doctrine of judicial immunity and, consequently, as frivolous.[3] *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (claims dismissed because of judicial immunity are frivolous for the purpose of the IFP statute, 28 U.S.C. § 1915).

**B.     Prosecutorial Immunity**

Plaintiff's claims against the ADAs from the Manhattan District Attorney's Office must also be dismissed. Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it") (internal quotation marks and citations omitted). In

---

[3] To the extent that Plaintiff can be understood as challenging the order of protection that was issued against him, such a challenge is barred under the *Rooker-Feldman* doctrine. The doctrine – created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – precludes federal district courts from reviewing final judgments of the state courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that federal district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); *see also Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) (The *Rooker-Feldman* doctrine "bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court [of the United States] is the only federal court with jurisdiction over such cases." (citing 28 U.S.C. § 1257)). If Plaintiff is dissatisfied with Judge Rcherchian's decision, he must appeal it within the state court system. *See Exxon Mobil Corp.*, 544 U.S. at 292 (noting that "28 U.S.C. § 1331 is a grant of original jurisdiction and does not authorize district courts to exercise appellate jurisdiction over state-court judgments").

addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that prosecutors' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and they were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*)).

Plaintiff's assertions against the ADAs relating to the order of protections are based on actions within the scope of ADAs' official duties and associated with the conduct of a trial. Therefore, these claims are dismissed because they seek monetary relief against defendants who are immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

## C.     Denial of Leave to Amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court construes Plaintiff's claims as brought against Judge Rcherchian of the New York Criminal Court and Assistant District Attorneys from the Manhattan District Attorney's Office. The Court dismisses Plaintiff's complaint on immunity grounds and as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i), (iii). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   June 12, 2023
          New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                    Chief United States District Judge